## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

TREVOR J. HUBER,                          )
                                          )
    Petitioner,        )
                                          )
  v.                             )  Case No. 1:23-CV-00152 AGF
                                          )
NICOLE GREEN,[1]                          )
                                          )
    Respondent.        )

### MEMORANDUM AND ORDER

  This matter is before the Court on review of Trevor Huber's self-represented filing which this Court interprets as an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. [ECF No. 1]. However, the petition is defective as written because it was not filed on a court form. Additionally, petitioner has failed to file a motion to proceed in forma pauperis or pay the $5 filing fee in this action. As such, the Court will direct petitioner to file an amended petition on a court-provided form and either pay the $5 filing fee or file a motion to proceed in forma pauperis, within thirty (30) days of the date of this Memorandum and Order.

### Discussion

  Petitioner Trevor Huber is a pretrial detainee being held at the Dunklin County Justice Center. [ECF No. 1]. He initiated this action by filing a handwritten document asserting that he has been held in jail "going on 5 years." Additionally, petitioner asserts that he has not been to court in two and a half years, and his lawyer quit in June, and he was left without a lawyer in his

---

[1]The proper respondent for a prisoner currently in custody is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Rule 2 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Because Nicole Green is the Jail Administrator at the Dunklin County Justice Center, she is the proper respondent.

state court criminal action. As a result, petitioner seeks a pretrial writ of habeas corpus for a "fast and speedy trial" in the Dunklin County Court system.

The Court has reviewed Missouri Case.Net and found that a warrant was issued for petitioner's arrest on December 21, 2018[2], on the charge of misdemeanor trespass. *See State v. Huber*, No. 18DU-CR01118-01 (35th Jud. Cir, Dunklin County). The probable cause statement, filed by Deputy Scott Ellison of the Dunklin County Sheriff's Office, states as follows:

> On September 8, 2018, at 11:22 hours, I was dispatched to 217 N. Main Street, in Cardwell, MO, to a suspicious male in the victim's yard. Upon arrival, learned the suspect was previously in the yard earlier in the week and was told to stay away. Suspect, later identified as Trevor Huber, showed up today, September 8, 2018, and was acting suspicious. Victim told the suspect to leave her yard and he refused, at which time he approached her back door while she was on the phone with 911. Mr. Huber left prior to officer's arrival. Victim wish[es] to press charges.

The probable cause statement further noted that petitioner had a guilty charge from 2015 for Stalking in the First Degree. *Id.* Although petitioner has had several different counsel during the intervening years, he is currently represented by attorney Justin Arentsen, of the Missouri State Public Defender's Office.

Habeas corpus is generally a post-conviction remedy. *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. *Compare* 28 U.S.C. §

---

[2]It appears that two warrants were issued in petitioner's criminal action. A warrant was issued on December 21, 2018, for petitioner's arrest, and he was arrested on December 26, 2018. It appears no bond was authorized. A new warrant for a "detainer" was issued on August 9, 2019, and it was served on August 16, 2019.

2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). Here, petitioner is a pretrial detainee arguing that his detention is unlawful and as such, his petition for writ of habeas corpus will be construed as seeking relief under 28 U.S.C. § 2241.

However, in this case, the petition is defective because it has not been drafted on a Court-provided form. E.D. Mo. Local Rule 2.06(A). Also, the petition does not substantially follow the form prescribed by the Court. Rule 2(d) of the Rules Governing § 2254 Cases ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Therefore, the Court will direct the Clerk of Court to send petitioner the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." Petitioner will have thirty (30) days from the date of this Order to file an amended petition on the court-provided form.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the respondent's name to Nicole Green, Jail Administrator of Dunklin County Justice Center.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail petitioner a copy of the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" and a copy of the Court's form motion to proceed in forma pauperis and affidavit in support – habeas cases.

**IT IS FURTHER ORDERED** that petitioner must either pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition on the Court-provided form within **thirty (30) days** of the date of this Order. Petitioner is advised that his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FINALLY ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 22nd day of September, 2023.

*Audrey G. Fleissig*

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

- 4 -