**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| TREVOR HUBER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:23-CV-152 AGF |
| | ) |
| NICOLE GREEN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Self-represented petitioner Trevor Huber seeks leave to proceed in forma pauperis on his petition filed in this matter, requesting that this Court intervene in his Missouri criminal action to enforce his request for speedy trial. Upon review of Huber's financial information, the Court has determined that petitioner is unable to pay the filing fee so he will be granted in forma pauperis status. *See* 28 U.S.C. § 1915. Further, based on a review of the record, the Court finds that petitioner has not exhausted his available state-court remedies with respect to his claim. The Court therefore dismisses Huber's application for writ brought pursuant to 28 U.S.C. § 2241.

**Amended Petition**

Petitioner Trevor Huber is presently incarcerated at the Dunklin County Justice Center in Kennett, Missouri. On September 5, 2023, petitioner initiated this case by filing a letter with the Court seeking help in his state criminal action. [ECF No. 1]. This document was handwritten and not on a Court-provided form. In the document, petitioner alleges that he has been incarcerated in Dunklin County, Missouri, for five (5) years, and he has not been to court for two and a half years. He asserts that his judge in his criminal action passed away in June of this past year, and

since then he has no lawyer and no judge. Petitioner states that he would like a writ of habeas corpus to seek a "fast and speedy trial." [ECF No. 1].

On September 22, 2023, the Court issued a Memorandum and Order requiring petitioner to file an amended petition for writ of habeas corpus on a court-provided form pursuant to 28 U.S.C. § 2241. Petitioner was also told to either pay the $5 filing fee or file a separate motion to proceed in forma pauperis. [ECF No. 2].

On October 23, 2023, petitioner filed his amended petition for writ of habeas corpus on a court-provided form. [ECF No. 3].[1] Petitioner indicates in his application for writ that he is contesting the violation of his speedy trial rights, what he refers to as the State of Missouri's failure to try him in court in a reasonable time. Petitioner asserts that he "wrote a grievance" on the "Jail Kiosk" relative to the issue, and he states that he has been in lock-up for approximately five years. He claims that it is a violation of his constitutional rights not to have already taken him to trial. As a result of being locked up for five years, and not having bond accessible, he claims that he is simply left to sit and wait.

For relief in this action, petitioner seeks to have the Missouri state court, "[t]ake me to trial...within 180 days of this letter."

## Pending State-Court Prosecution

Based on the case number provided, the state prosecution that petitioner seeks a mandatory injunction over is *State v. Huber*, No. 18DU-CR01519 (35th Jud. Cir., Dunklin County Court). According to a review of Missouri Case.net, Missouri's online case management system,[2] petitioner was charged by criminal complaint on December 21, 2018, with first degree

---

[1] The Clerk has docketed petitioner's amended petition brought pursuant to 28 U.S.C. § 2241 as a "supplemental petition."

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991

2

murder and armed criminal action. *Id.* The accompanying probable cause statement, filed by

Sergeant J.A. Lacey, a Missouri State Trooper, stated, in relevant part:

   a. On December 21, 2018, the Dunklin County Sheriff's Office received a 911 call from 301 North Main Street in Cardwell, Missouri. The caller was a male subject and seemed to be confused while speaking with dispatchers.

   b. A Dunklin County Sheriff's Deputy responded to the address and made contact with a white male. When the male came to the door, he was naked. While speaking with him, the deputy asked about the whereabouts of the subject's mother. The male again appeared to be disoriented and possibly impaired by illegal narcotics. During the course of speaking with the male, the deputy entered the residence to make sure any occupants inside were safe.

   c. Upon entering the home the deputy located a deceased body, sitting in a chair. The female had been decapitated. The deputy exited the residence and detained the male subject. The subject was later identified as Trevor J. Huber white male, date of birth…Huber later informed investigators he resided at the residence at 301 North Main Street. He later identified his mother as Charlotte Sue Wilson. Her date of birth is…

   d. Investigators with the Missouri State Highway Patrol made contact with Huber at the Dunklin County Sheriff's Office. After being advised of his Miranda rights, Huber admitted to investigators he was concerned he killed his mother. He did not go into detail how he killed her, but indicated he believed she was trying to kill him by poisoning him. He also took a piece of paper and wrote on it, "I killed my mother." He then tore the paper up, placed it into his mouth, and swallowed it. He then requested to speak to an attorney, and the interview was concluded.

   e. A search warrant was obtained for the residence at 301 North Main Street. A search of the crime scene revealed the deceased body of Wilson. Her decapitated head was located inside grocery sacks, in another room in the residence. A knife and hammer, which were believed to be used in the commission of the crime, were also located inside the residence.

When the warrant was issued, the state-court judge denied bond. A preliminary hearing was held on February 26, 2019. Additional preliminary hearings were held on April 30, 2019, July 16, 2019, August 13, 2019, and December 5, 2019. On December 5, 2019, the Court found

---

(8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

that there was probable cause to hold petitioner without bond in the custody of Dunklin County Detention Center. An Information was filed against petitioner on January 3, 2020. *State v. Huber*, No. 18DU-CR01519-01 (35th Jud. Cir., Dunklin County Court). The Information again charged petitioner with murder in the first degree and armed criminal action. *Id.*

On January 8, 2020, counsel for petitioner moved for change of judge in his case. The motion for change of judge was granted, and the case was transferred to the Missouri Supreme Court for assignment of a new judge on January 10, 2020. The Honorable W. Edward Reeves was appointed to preside over petitioner's criminal action on that date.

On July 21, 2020, petitioner's counsel moved for mental examination of petitioner, and the Court granted the motion on July 22, 2020. On September 23, 2020, a copy of petitioner's mental exam was filed in the docket.

The parties and petitioner appeared for a case management conference on January 4, 2021. Although the parties agreed to meet for another case management meeting on February 8, 2021, the parties agreed that the meeting should be reset when new co-counsel for petitioner entered his appearance. The Court set the next case review hearing on May 25, 2023, but the docket is unclear if the hearing took place on that date.

Petitioner's counsel withdrew from his representation of petitioner on July 6, 2023, and a new judge was assigned to petitioner's case on August 29, 2023 – Judge Joshua D. Underwood. On August 30, 2023, the prosecutor's office filed a notice of intent to seek the death penalty in petitioner's criminal case, and two new attorneys moved to represent him in his criminal action. Both attorneys currently representing petitioner are special public defenders from the Missouri State Public Defender's Office.

**Construction as Petition under 28 U.S.C. § 2241**

Habeas corpus is generally a post-conviction remedy. *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial"). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can entertain pretrial habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Here, petitioner is a pretrial detainee arguing that his state-court detention is unconstitutional and as such, application for habeas corpus brought pursuant to 28 U.S.C. § 2241 is appropriate.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply

5

any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of petitioner's application for relief under Rule 4, the Court concludes that it "plainly appears" Huber is not entitled to relief as he has adequate state court remedies that he has not exhausted.

### A. The Court Must Abstain from Granting Petitioner's Requested Relief

Petitioner asks this Court to require the Missouri state Court to take him to trial within 180 days. The abstention doctrine set forth in *Younger v. Harris* precludes such relief. 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

Exceptions to *Younger* exist in special circumstances, such as where a "person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." *Younger,* 401 U.S. at 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, the irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 46.

In this case, petitioner alleges that he has been incarcerated for five years, since December of 2018. He asserts that during this time he has been denied bond. He seeks, however, to be taken to trial immediately.

6

Petitioner's claims relate to bond and speedy trial. The Court finds that petitioner will not suffer any great and immediate injury if his state case proceeds, but only an injury "incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 49 (internal citation omitted). No special circumstances exist to justify the Court's intervening in petitioner's ongoing state court matter. In short, "the Court is not the Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Martin v. Coca Cola Consol., Inc.*, No. 1:20-CV-323-HAB, 2020 WL 5548690, at *2 (N.D. Ind. Sept. 16, 2020).  This is especially so as petitioner has state court remedies available to him, as discussed below.

Furthermore, petitioner is currently being prosecuted for a death-eligible crime which often takes longer to prosecute and defend, unfortunately. He is represented by special counsel in his state criminal action, and he should reach out to his counsel with his concerns relating to his requests for speedy trial.

### B.  Petitioner Has not Exhausted his State Court Remedies

Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). Courts do not ordinarily consider state remedies exhausted if an individual may effectively present his claim in state court by any currently available and adequate procedure.

7

The Court has reviewed the state court docket at length and found that counsel for petitioner have not advocated for a speedy trial. Additionally, petitioner has not filed any pro se documents with the Circuit Court with respect to his requests for speedy trial. Thus, he has not exhausted the speedy trial issue in the Circuit Court in Dunklin County or beyond the Circuit Court.[3]

Furthermore, a prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner is a pretrial detainee arguing that his detention is unlawful because the state court has denied him bond and a speedy trial. The state court can resolve these claims either through his counsel, by petitioner filing a motion with the Circuit Court, or if his motion is denied, by pursuing remedies in the Missouri Court of Appeals. As such, adequate state court remedies currently exist for petitioner, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

---

[3] Given that the prosecutors in petitioner's state criminal action are seeking the death penalty, it might be judicious to allow his defense counsel to take time to gather appropriate discovery to allow them to make proper arguments on his behalf.

**Conclusion**

Petitioner has not shown special circumstances exist to justify the Court's intervention into an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. Similarly, petitioner has not shown special circumstances to justify his failure to exhaust state remedies before bringing his claims to federal court.

As it plainly appears that petitioner is not entitled to relief, the Court will deny petitioner's amended application for writ of habeas corpus and decline to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application and amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [ECF Nos. 1 and 3] are **DENIED and DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of November, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE